**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JOSE MANUEL URIBE-SOLIS, | ) | CV  03-5535  AWI |
| | ) | CR  00-5441  AWI |
| Petitioner, | ) | |
| | ) | ORDER DENYING |
| v. | ) | PETITIONER'S REQUEST |
| | ) | FOR CERTIFICATE OF |
| UNITED STATES OF AMERICA, | ) | APPEALABILITY AND |
| | ) | MOTION FOR |
| Respondent. | ) | RECONSIDERATION |
| | ) | |

On May 18, 2004, the court entered an order denying Petitioner Jose Manuel Uribe-Solis' ("Petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 that challenged Petitioner's conviction on the grounds of ineffective assistance of counsel.[1]  In the May 18, 2004 order, the court held that Petitioner's trial counsel was not ineffective for failing to refute the factual assertion contained in Petitioner's Presentence Report that Petitioner "was a manager or supervisor in the present offense."  The court also held that Petitioner's counsel was not ineffective for failing to investigate the validity of Petitioner's four prior convictions.  The court also noted the benefits of the plea bargain conferred upon Petitioner, including a

---

[1] Based on the Court's docket, it appears that the court overlooked Petitioner's June 7, 2004 Request for a Certificate of Appealability, or in the Alternative for Reconsideration of the court's May 18, 2004 order (Document #202).  The court now addresses Petitioner's motion.

recommendation to reduce the overall sentence (for acceptance of responsibility), the dismissal of five other charged offenses, and a recommendation for a sentence in the low-end of the range.

On June 7, 2004, Petitioner filed a Request for a Certificate of Appealability, or in the Alternative for Reconsideration of the court's May 18, 2004 order.[2]

I.   Motion for Certificate of Appealability

## Petitioner's Argument

Petitioner moved to vacate his sentence pursuant to 28 U.S.C. § 2255 based on the allegation that he suffered ineffective assistance of counsel because Petitioner's counsel failed to refute the factual assertion contained in Petitioner's Presentence Report that Petitioner "was a manager or supervisor in the present offense" and for failing to investigate the validity of Petitioner's four prior convictions (which were alleged and admitted at the time of sentencing). Petitioner asserts that "at least one, if not more of the alleged prior criminal acts admitted to by [Solis' Attorney] on behalf of [...] [Solis] are not valid convictions for purposes of determining his sentence."

## Discussion

The controlling statute, 28 U.S.C. § 2253, provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

   (B) the final order in a proceeding under section 2255.

---

[2]Based on the Court's docket, it does not appear that Petitioner filed a notice of appeal of the court's order.

2

|   |   |   |
|---|---|---|
| (2) | | A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right. |
| (3) | | The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2). |

The Supreme Court has found that a court should issue a certificate of appealability when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 120 S.Ct. 1595, 1603 (2000). The requirement that the petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues while at the same time affording petitioners an opportunity to persuade the court that through full briefing and argument the potential merit of claims may appear. Lambright v. Stewart, Nos. 96-99020, 96-99025, 96-99026, 2000 WL 1118937 (9th Cir. Aug. 4, 2000). The Supreme Court has found that even the application of an apparently controlling Ninth Circuit rule can be debatable if it conflicts with the rules of another circuit or there is reasonable argument of why the Ninth Circuit should reconsider the Ninth Circuit rule. See id.

The Court denied Petitioner's § 2255 petition because he could not show that but for his attorney's failure to object to the allegation contained in the Presentence Report that Petitioner would have received a lesser sentence. The court reasoned that Petitioner did not state facts that were known, or should have been known to his attorney, that would have specifically refuted the factual allegations in the Presentence Report that established his leadership role. The court found that Petitioner could not demonstrate ineffective assistance of counsel because he merely provided conclusory assertions that he was not a leader in the criminal activity. Furthermore, the court held that Petitioner could not demonstrate that he suffered ineffective assistance of counsel because his attorney did not investigate the prior convictions. The court found that Petitioner failed to show specifically how such an investigation would have lead to a different outcome.

The court finds that Petitioner has not made the required substantial showing of the denial

3

of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not debate that Petitioner has not shown how he is entitled to federal habeas corpus relief. Accordingly, the court orders that Petitioner's request for a certificate of appealability is denied.

II.     Motion for Reconsideration

Petitioner's Argument

Petitioner also seeks reconsideration of the court's May 18, 2004 order on two issues. First, Petitioner argues that he received ineffective assistance of counsel because his attorney erroneously admitted two of Petitioner's prior convictions that were alleged at the time of sentencing. Petitioner bases his 60(b) motion on the grounds that: "it now appears that there was an error committed as relates to the admission of two of the alleged prior convictions." See Petitioner's Motion for Reconsideration at page 3. Petitioner's counsel indicates that on July 23, 2003, he requested Petitioner's records regarding a conviction from the Tahoe Justice Court and that the court found no records.[3] Petitioner's counsel also asserts that for a second conviction arising out of Stanislaus County Municipal Court, the Petitioner's plea was defective because of the failure of the court to elicit a waiver of Boykin/Tahl rights.[4]

Second, Petitioner argues that he received ineffective assistance of counsel because his previous attorney did not file an opposition to the Presentencing Report's finding that Defendant should be given a "leadership role" enhancement. Petitioner's counsel represents: "this issue is in the process of being attacked in a Petition for a Writ of Error Coram Nobis. The writ has been prepared and counsel is simply waiting for confirmation of the hearing date as relates to this matter." See Petitioner's Motion for Reconsideration at page 3.

---

[3] Petitioner attached a letter dated July 23, 2003 from Balakian Law Offices to the Clerk's Office requesting the Petitioner's Sentence Minute Order, Change of Plea Transcript, and Sentence Transcript. The letter has handwritten notes that appear to indicate that no records were found by the Tahoe Clerk's Office.

[4] Petitioner attached the Stanislaus County Municipal Court transcript.

Discussion

Fed. R. Civ. P. 60(b) provides:

On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

I.  Prior Convictions

Here, although Petitioner's counsel, David Balakian, alleges that he has now obtained additional information about the validity of two of Petitioner's four prior admitted convictions, counsel fails to state facts that were known, or should have been known to Petitioner's prior attorney at the time of sentencing regarding the validity of Petitioner's prior convictions.  The fact that the Tahoe Justice Court cannot find Petitioner's records does not shed light on whether Petitioner's previous counsel should have investigated or challenged the validity of Petitioner's Tahoe conviction.  Petitioner does not provide facts that demonstrate that Petitioner's prior attorney knew or had reason to know that the Tahoe conviction was not a valid conviction (as alleged in Petitioner's Motion for Reconsideration).  Moreover, although it appears that the Tahoe Justice Court could not find Petitioner's records in 2003 for an alleged 1995 conviction, this does not show that the records were not in existence at the time of Petitioner's sentencing in 2002.  It only proves that the records were not in existence at the time the Tahoe Clerk's Office responded to Petitioner's request, which was nearly ten years after the alleged conviction and two years after Petitioner filed his Section 2255 petition.  Thus, Petitioner's new information does not alter the fact that at the time of sentencing, Petitioner's Tahoe conviction appeared to be valid.  Similarly, Petitioner has not demonstrated that Petitioner's previous counsel either knew or had reason to question the validity of the Stanislaus County Municipal Court conviction.

Moreover, Petitioner has not shown how these alleged new or different facts could not

have been discovered with reasonable diligence at the time Petitioner filed his initial 2255 motion given that Petitioner's counsel, David Balakian ("Mr. Balakian"), who filed this motion for reconsideration, is the same attorney who filed Petitioner's original Section 2255 petition and raised these identical ineffective assistance of counsel claims in that motion.  It also appears that Mr. Balakian had been familiar with the facts of Petitioner's case for about two years before Mr. Balakian filed the April 29, 2003 Section 2255 petition as the record reflects that Mr. Balakian previously represented Petitioner from December 18, 2000 through June 11, 2001.

II.     Manager or Supervisor

Petitioner also fails to state facts that were known, or should have been known to his attorney, that would have successfully refuted the factual allegations in Petitioner's Presentence Report that established his leadership role.  Rather, Petitioner merely alleges that the issue is in the process of being attacked in a Petition for Writ of Error Coram Nobis.  This allegation is insufficient to show deficient performance by Petitioner's prior attorney.  Mr. Balakian does not identify on what grounds the issue is being challenged.  As described in the court's May 18, 2004 order, the Presentence Report details Petitioner's direction of the other co-conspirators to effectuate the sales of methamphetamine.  Further, the police report quoted by the Presentence Report indicates that Petitioner told the undercover agent that the other people working to complete the sales "worked for" Petitioner.  Petitioner fails to present facts that contradict or contravene the specify facts set forth in the Presentence Report.  In addition, Petitioner cannot show that but for his attorney's failure to object to or contravene the leadership role allegation in the Presentence Report, he would have received a lesser sentence.

Therefore, the court finds that the factual basis for Petitioner's Rule 60(b) motion states claims for habeas relief identical to the grounds already raised by Petitioner in his April 29, 2003 Section 2255 petition, which were considered and rejected by the court in its May 18, 2004 order. As such, Plaintiff's instant claim for relief pursuant to 60(b) must be construed as a claim for successive habeas relief.

Ninth Circuit law pertaining to the use of Rule 60(b) as a means of presenting claims that would otherwise state a successive claim under section 2255 is well settled. Where "the factual predicate for a Rule 60(b) motion also states a claim for a successive petition under 28 U.S.C. § 2244(b), [. . .], the Rule 60(b) motion should be treated as a successive habeas petition." Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998). "Congress has established mandatory, jurisdictional procedures a petitioner must follow in appealing from a district court's denial of relief under § 2255. [A petitioner] cannot avoid these jurisdictional limitations by styling his motion under another name." United States v. Christensen, 119 Fed. Appx. 884, 887 (9th Cir. 2004) (denying Rule 60(b) motion where Petitioner did not obtain a certificate of appealability).

Because Petitioner's claims state a claim under Section 2255, the court is required to consider Petitioner's Rule 60(b) motion as a successive motion under Section 2255. See Ortiz v. Stewart, 195 F.3d 520 (9th Cir. 1999) (ineffective assistance claim raised under Rule 60(b) motion construed as successive Section 2255 habeas petition where issue was raised in first habeas petition). Because the court construes Petitioners's motion under Rule 60(b) as a successive habeas petition pursuant to Section 2255, Petitioner's ability to raise the substantive underlying claims is delineated by those provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA") that apply to habeas petitions generally and to successive motions under Section 2255 in particular.

Section 2255 requires that:

"[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Section 2244, subdivision (b)(3) provides that a second or successive habeas petition is not

allowed unless the appellate court issues an order authorizing the district court to consider the second or successive petition.  A district court must dismiss any second or successive habeas claims where the conditions set forth in Section 2244 are not met.  See United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998) (district court lacks jurisdiction to consider successive motion pursuant to Section 2255 where certification requirement of Section 2244(b) has not been met). Petitioner does not allege, and the court can find no evidence that Petitioner has sought, or that the appellate court has granted, any order authorizing this court to give consideration to Petitioner's successive habeas petition.  The court must therefore conclude it lacks jurisdiction to consider Petitioner's request for relief.

Therefore,  IT IS HEREBY ORDERED that Petitioner's Request for Certificate of Appealability is DENIED and Request for Reconsideration is deemed a second or successive motion pursuant to Section 2255 and is DENIED for the reasons discussed above.

IT IS SO ORDERED.

**Dated:   September 10, 2009**           /s/ Anthony W. Ishii
                                         CHIEF UNITED STATES DISTRICT JUDGE