IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URIBE-SOLIS,  )<br>              Petitioner,  )<br>       v.  )<br>UNITED STATES OF AMERICA,  )<br>              Respondent.  )<br>_____) | CV 03-5535 AWI<br>CR 00-5441 AWI<br><br>ORDER DENYING<br>PETITIONER'S SUCCESSIVE<br>§ 2255 PETITION<br><br>(Doc. Nos. 209 and 212) |

On May 18, 2004, the court entered an order denying Petitioner Jose Manuel Uribe-Solis' ("Petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 that challenged Petitioner's conviction on the grounds of ineffective assistance of counsel. In the May 18, 2004 order, the court held that Petitioner's trial counsel was not ineffective for failing to refute the factual assertion contained in Petitioner's Presentence Report that Petitioner "was a manager or supervisor in the present offense." The court also held that Petitioner's counsel was not ineffective for failing to investigate the validity of Petitioner's four prior convictions. The court also noted the benefits of the plea bargain conferred upon Petitioner, including a recommendation to reduce the overall sentence (for acceptance of responsibility), the dismissal of five other charged offenses, and a recommendation for a sentence in the low-end of the range.

On June 7, 2004, Petitioner filed a Request for a Certificate of Appealability, or in the

Alternative, for Reconsideration of the court's May 18, 2004 order.  On September 11, 2009, the court denied Petitioner's Request for a Certificate of Appealability and Motion for Reconsideration.  The motion pending before the court was filed on March 2, 2009, and is entitled as a "Motion to Invalidate a Conviction Pursuant to Sentencing Guidelines §4A1.2 Note 6."[1]

### Petitioner's Argument

Petitioner moves to vacate his sentence based on the allegation that he suffered ineffective assistance of counsel because his defense counsel David Balakian ("Balakian") failed to file a direct appeal and because Balakian failed to demonstrate to the court in Petitioners' April 29, 2003 §2255 petition how Petitioner was prejudiced by his prior counsel, Thomas Richardson's ("Richardson"), advice.

### Discussion

Although Petitioner styles his motion as a "Motion to Invalidate a Conviction Pursuant to Sentencing Guidelines §4A1.2 Note 6", the court construes this motion as a successive habeas petition pursuant to §2255 because his motion seeks to revisit this Court's denial on the merits of his claim for relief.  See United States v. Hiralal, 238 Fed. Appx. 225, 226 (9th Cir. 2007) (citing to Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005)).  As such, Plaintiff's instant claim for relief pursuant to Sentencing Guidelines §4A1.2 Note 6 must be construed as a claim for successive habeas relief.  "Congress has established mandatory, jurisdictional procedures a petitioner must follow in appealing from a district court's denial of relief under § 2255. [A petitioner] cannot avoid these jurisdictional limitations by styling his motion under another name." United States v. Christensen, 119 Fed. Appx. 884, 887 (9th Cir. 2004) (denying Rule 60(b) motion where Petitioner did not obtain a certificate of appealability).

The fact that Petitioner alleges different facts from his original §2255 petition does not

---

[1] Sentencing Guidelines §4A1.2 provides definitions and instructions for computing a defendant's criminal history.

1  change the character of this motion.  See United States v. Allen, 157 F.3d 661, 664 (9th Cir.
2  1998); cf. Gonzalez, 545 U.S. at 532.  Petitioner does not allege, and the court can find no
3  evidence, that Petitioner has sought, or that the appellate court has granted, any order authorizing
4  this court to give consideration to Petitioner's successive habeas petition.  The court must
5  therefore conclude it lacks jurisdiction to consider Petitioner's request for relief.  See 28 U.S.C.
6  §§ 2244(b)(3); 2255 (h); Hiralal, 238 Fed. Appx. at 225; United States v. Leasure, 223 Fed.
7  Appx. 630, 630-31 (9th Cir. 2007); Allen, 157 F.3d 661 at 664.  The court must deny Petitioner's
8  motion.

## ORDER

Accordingly,  IT IS HEREBY ORDERED that Petitioner's motion is DENIED for the reasons discussed above.

IT IS SO ORDERED.

**Dated:     February 2, 2010**              /s/ Anthony W. Ishii
                                             CHIEF UNITED STATES DISTRICT JUDGE