IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MANUEL URIBE SOLIS,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondents. | 1:03-CV-5535  AWI<br>(00-CR-5441  AWI<br><br><br>ORDER ON PETITIONER'S MOTIONS FOR RECONSIDERATION AND TO CORRECT SENTENCE AND RELATED ORDERS<br><br>Doc. No.'s 214, 228 and 229 |

On December 23, 2010, the court issued an "Order on Petitioner's Motion for Reconsideration, Order to Show Cause and Related Orders (hereinafter, the "December 23 Order") wherein the court granted the motion of Jose Manuel Uribe Solis ("Petitioner") for reconsideration of its prior order dismissing Petitioner's motion for correction of sentence as a subsequent motion pursuant to 28 U.S.C. § 2255.  In its December 23 Order, the court requested Respondent to show cause why Petitioner's motion requesting recalculation of his sentence should not be granted.  Due to the press of other matters, the court did not take up Plaintiff's motion for recalculation of his sentence until quite recently.  In the interim Petitioner has filed a pleading on November 19, 2012, titled "Motion for Modification of an Imposed Sentence of Guideline Amendment 591 Effective November 1, 2000, Pursuant to 18 U.S.C. § 3582(c)(2) (the

"November 19 Motion"). This Memorandum Opinion and Order is intended to address both Petitioner's original request for recalculation of his sentence and the subsequent motion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. The December 23 Order

The court's December 23 Order summarized the pertinent procedural history and the issues now before the court as follows:

> Solis' petition for writ of habeas corpus pursuant to 28 U.S.C., section 2255 was timely filed on April 29, 2003. Solis's 2255 Motion alleged ineffective assistance of counsel based, *inter alia*, on the alleged failure of Solis's attorney to investigate the validity of the Solis's prior convictions in state court that were used to calculate Solis's criminal history category. Solis's 2255 Motion was denied by the court's order of May 18, 2004. Doc. # 200. On June 7, 2004, Petitioner filed a request for reconsideration of the court's May 18 order and requested a certificate of appealability. Doc. # 202.
>
> The court did not respond to Petitioner's requests for reconsideration or for issuance of a certificate of appealability until September 11, 2009. Prior to that date, on March 2, 2009, Petitioner filed a pleading titled A Motion to Invalidate a Conviction Pursuant to Sentencing Guidelines Section 4A1.2 (hereinafter, the "March 2 Motion"). Solis's March 2 Motion used language that gave the court the impression that Petitioner was again alleging ineffective assistance of counsel, again based on the failure of Solis's attorney to investigate the state convictions that were used to enhance Solis's sentence. What escaped the court's attention was the fact that Petitioner's March 2 Motion included exhibits that indicated Petitioner had succeeded in having three of the prior convictions used to calculate Petitioner's criminal history category expunged .
>
> On September 11, 2010, the court issued an order denying Petitioner's request for reconsideration and request for certificate of appealability that had been filed on June 7, 2004. The request for reconsideration raised the same issues as were raised in the original 2255 motion and so was denied as a second or successive petition. Unfortunately, the court made an error in docketing that erroneously indicated that the court's order of September 11 was in response to Petitioner's March 2 Motion, rather than in response to the requests of June 7, 2004. On December 11, 2009, Petitioner filed a pleading titled A Request [for] Courts Intervention Pursuant to [28 U.S.C. '§453]. On February 3, 2010, the court construed Solis's March 2 Motion as a subsequent or successive motion pursuant to section 2255 and dismissed it.

Doc. # 218 at 2:19-3.

The court's December 23 Order found that Petitioner's March 2 Motion was not a repeat of Petitioner's prior claims of ineffective assistance of counsel but was, in essence, a new motion

-2-

pursuant to 28 U.S.C. § 2255 for correction of Petitioner's sentence based on the fact that he had succeeded in achieving vacatur or expungement of three of the state court convictions that had been use to assign a criminal history category of III at the time of sentencing in this case. After extensive consideration, the court concluded that Petitioner's March 2 Motion was not barred by the second or successive prohibition set forth at 28 U.S.C. § 2255(h) because it fell within the limited exception provided by <u>Johnson v. United</u> States, 544 U.S. 295 (2000), which permits petition pursuant to section 2255 where there is an expungement of prior conviction in state court due to <u>Gideon</u> error that becomes effective after sentencing in the federal case. In essence, the court found that Petitioner's March 2 Motion was fundamentally different from his prior motions because, rather than arguing that his attorney *could* have successfully challenged his prior state court convictions, the March 2 Motion relied on the fact that Petitioner *had* successfully challenged those convictions. <u>See generally</u>, Doc. # 218 at 9:6 – 14:10. The court also found the March 2 Motion was timely.

In its December 23 Order, the court concluded that Petitioner had adequately "set forth claims and provided evidence sufficient to entitle him to the relief he seeks with regard to the convictions vacated by the Merced [County] Superior Court." Doc. # 218 at 21:8-9. The court concluded its December 23 Order by ordering Respondent to show cause why "relief should not be granted pursuant to [Petitioner's] March 2 Motion to the extent re-computation of [Petitioner's] criminal history category, and therefore his sentence, is warranted based on the vacatur of state convictions in Los Banos Municipal Court No. LBF5092, and in Merced Municipal Court Case MM138429." Doc. # 218 at 21:20-23. Respondent filed a response to the order to show cause on January 14, 2011. (Doc. # 219) Respondent's response does not address any of the substantive issues raised in the court's December 23 Order. Rather, Respondent's response asserts that Petitioner's March 2 Motion is barred by the waiver of right to appeal or to collaterally attack as set forth in the plea agreement.

B.  **Additional Facts Noted on Current Review**

Based on the parties' responses to the court's orders to show cause, the court has

conducted a review of the facts available from Petitioner's original motion pursuant to 28 U.S.C. § 2255 and pursuant to Petitioner's March 2 Motion. The court has determined the following facts were previously overlooked or went unmentioned by the court and may be germane to the court's disposition of Petitioner's motions. First, it bears emphasis that the only two prior convictions that are of interest in this analysis are Petitioner's 1991 conviction in Los Banos Municipal Court Case No. LBF5092 (the "Los Banos Case"), and his 1995 conviction in Merced Municipal Court Case No. MM138429 (the "Merced Case"). Because the "expungement" Petitioner's conviction in 1994 in Tahoe Justice Court was specifically made pursuant to California Penal Code § 1203.4, that conviction was properly counted toward Petitioner's criminal history category as will be explained in more detail below.

Second, the court notes that Petitioner's claims of <u>Gideon</u> violation are identically alleged in both the Merced and Los Banos Cases and are identically ambiguous as to whether appointed counsel, who allegedly discontinued representation of Petitioner when the allegations were changed to misdemeanor violations, were present at the time of Petitioner's plea of guilty in both cases. The court further notes that by the time "expungement" was ordered in the Merced and Los Banos Cases in 2008, the municipal courts of Merced County had been consolidated into the Merced County Superior Court and no longer existed as municipal courts. There is no indication before the court as to the condition or availability of records from the municipal courts.

Finally, the court notes that in both the Merced and Los Banos Cases, Petitioner was sentenced to terms of imprisonment, but in both cases the sentences were suspended and terms of probation were imposed. Thus, Petitioner was not actually subjected to any term of custody as a result of either the Los Banos or Merced Cases.

**DISCUSSION**

As will be made apparent, the issues raised by Petitioner's motion are considerably more complex than Respondent's simple assertion of waiver would indicate. While the court will ultimately deny Petitioner's motion on the ground of waiver, it is by no means clear that the dismissal will be affirmed on appellate review given the unusual factual and legal context of this case. Because the court will grant a certificate of appealability in this decision, it is incumbent on the court to provide as extensive an exposition of reasoning behind the court's decision as is reasonably possible.

### I.   Nature of the Right Being Asserted by Petitioner

As noted in the December 23 Order, Petitioner initially based his motion on the contention that his appointed attorney rendered ineffective assistance of counsel for failing to challenge the validity of the Merced and Los Banos Cases for purposes of calculating his criminal history category at the time of Petitioner's federal sentencing. In view of facts newly alleged in Petitioner's March 2 Motion, the court construed the March 2 motion as asserting for the first time the right to reopen a federal sentence for purposes of recalculation where a prior state conviction used to calculate the criminal history category for the federal sentence is successfully challenged in a way that renders the state conviction invalid. This right to petition to reopen a federal sentence was first recognized in dictum in Custis v. United States, 511 U.S. 485, 497 (1994). The decision in Custis addressed the issue of whether a criminal defendant could, at the time of sentencing, challenge the validity of prior state convictions that were used to enhance the defendants sentence pursuant to the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e). Id. at 487. The Custis Court answered the issue presented in the negative based, in part, on the absence of any statutory provision for challenge of the prior state convictions, id. at 491-492, 497, and part on considerations of comity and finality of judgments.

Id. at 497.  The Custis court then noted in dictum that the defendant, while imprisoned on his federal charge, "may attack his state sentences [in the state of conviction] or through federal habeas review.  [Citation.]"  Id. at 497.  If the federal defendant "is successful in attacking these sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences."  Id.

Other Supreme Court decisions have further refined and clarified the holding in Custis.  In particular, the Supreme Court's decision in Daniels v. United States, 544 U.S. 295 (2005), explained that the central holding in Custis prohibited any challenge to state court convictions used to enhance a federal sentence at the time of sentencing (unless such challenge is expressly permitted by statute) *except* that a prior state conviction could be challenged at the time of sentencing if the defendant alleged that the prior state sentence or conviction violated the defendant's right to counsel as established in Gideon v. Wainwright, 372 U.S. 335 (1963).  This is referred to as the "Custis rule."  Id. at 378-379.  The Daniels Court further refined the holding in Custis by holding that, except for convictions obtained in state court in violation of Gideon, a defendant in a federal prosecution may not attack any prior state conviction used to enhance his sentence by way of collateral attack under 28 U.S.C. § 2255 at any time.  Id. at 382.

The Ninth Circuit adopted the dictum noted in Custis in United States v. LaValle, 175 F.3d 1106, 1108 (9th Cir. 1999) ("We adopt the position of the First, Fourth, and Tenth Circuits and hold that a defendant who successfully attacks a state conviction may seek review of any federal sentence that was enhanced because of the prior state conviction.").  The court notes that the decisions in Custis and LaValle are concerned with the use of convictions in state court to enhance a criminal charge in federal court, not with the use of state convictions to calculate the criminal history category of a federal defendant.  However, this court is of the opinion that the policy considerations behind the decisions in Custis and LaValle – prior state convictions that

are vacated or expunged on grounds of Gideon error form a special class of prior convictions that are essentially legal nullities – require the application of the rule set forth in Johnson and LaValle to prior cases that are used to calculate criminal history categories as well.

In retrospect it is clear that, had Petitioner asserted ineffective assistance of counsel on the grounds his attorney failed to challenge the validity of his prior state convictions for purposes of calculation of his criminal history *on the ground of Gideon violation*, he would have been entitled to at least a hearing on the claim, if not to relief.  The court has reviewed Plaintiff's original motion pursuant to section 2255 and re-affirms its prior conclusion that Petitioner's failure to give any hint that the prior state convictions were unconstitutional on the basis of Gideon error resulted in his failure to state a claim under section 2255 capable of withstanding screening.  It is equally clear, based on the court's discussion in its December 23 Order that the *fact* that Petitioner was successful in actually achieving expungement of his prior state court convictions in the Merced and Los Banos municipal cases fundamentally changed the context of Petitioner's motion for reconsideration of his sentence so that the subsequent motion for resentencing is not barred by the second or successive bar of section 2255(e).

**II.     Do Petitioner's Allegations Support Claim of Gideon Violation?**

In Scott v. Illinois, 440 U.S. 367 (1979), the Supreme Court held that an uncounseled conviction does not violate Gideon where no sentence of imprisonment is actually imposed. See Nichols v. United States, 511 U.S. 738, 746-747 (1994) (holding an uncounseled conviction valid under Scott may be used to enhance a subsequent offense in federal court; overruling Baldasar v. Illinois, 446 U.S. 222 (1980)).  As Petitioner correctly notes, the Supreme Court case of Alabama v. Shelton, 535 U.S. 654 (2002) ("Shelton"), interpreted the question of what constitutes a sentence of imprisonment for purposes of Gideon in a way that has changed courts' analyses of Gideon error.  The Shelton court held that when a term of imprisonment is imposed,

whether or not the term itself is suspended or made conditional on performance of terms of probation, the defendant is entitled to assistance of counsel. See id. at 674 (holding that a defendant "is entitled to appointed counsel at the critical stage when his guilt or innocence of the charged crime is decided and his vulnerability to imprisonment is determined.").

Of some significance, the Shelton Court noted that prior to its decision, the circuits had been divided on the issue of whether "appointment of counsel is a constitutional prerequisite to imposition of a conditional or suspended sentence. Id. at 660. The Shelton Court cited the Ninth Circuit case of United States v. Foster, 904 F.2d 20 (9th Cir. 1990) ("Foster") as an example of a circuit holding that appointment of counsel was required to establish a conditional or suspended sentence of imprisonment. Foster held that a court could not retain jurisdiction over a suspended or conditional sentence unless it "afford the defendant counsel during all critical stages of the criminal proceeding." Id. at 21-22. The prior conviction at question in Foster was a federal misdemeanor arising from unlawful tree harvesting in a national forest. Although this court has expressed doubts that the decision in Foster adequately describes the constitutional boundaries in Scott, see United States v. Downin, 884 F. Supp. 1474, 1478 n.6 (E.D. Cal. 1995), the subsequent characterization of Foster in Shelton as establishing a constitutional rule for this circuit is sufficient for purposes of this discussion.

The fact that the Ninth Circuit had established in 1990 that denial of appointed counsel during the critical phase of a prosecution renders a sentence that includes a conditional or suspended term of incarceration constitutionally infirm means that the court need not address the question of whether the holding in Shelton is retroactive. So far as this court has been able to discern, the sentences by the Los Banos and Merced Municipal courts in 1991 and 1995, respectively, were unlawful at the time they were imposed because Petitioner was not represented by appointed counsel at the time of sentencing, and the court has no reason to

suppose that presence of counsel had been waived.  The court notes that in bypassing the issue of whether the holing in <u>Shelton</u> is retroactive, the court implies no determination of that issue.

### III.	Waiver

Respondent quotes the waiver executed by Petitioner in his plea agreement as follows:

> The defendant understands that the law gives him a right to appeal his conviction and sentence.  He agrees as part of his plea, however, to give up this right as long as his sentence is consistent with the agreement set forth above.  ¶  The defendant also gives up any right he may have to bring a post-conviction attack on his conviction or his sentence.  He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or his sentence.

Doc. #219 at 2:3-11.

"Generally, courts will enforce a defendant's waiver of his right to appeal if (1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made."  <u>United States v. Martinez</u>, 143 F.3d 1266, 1270-1271 (9th Cir. 1998).  Addressing the second factor first, whether a plea agreement is knowingly and voluntarily made is based in large part on the court's conformity with the procedure set forth in Rule 11 of the Federal Rule of Criminal Procedure.  If the court's plea colloquy tracks the requirements of Rule 11 and establishes that the plea agreement is entered into without threat or coercion, a reviewing court will hold the plea agreement knowingly and voluntarily executed by the defendant.  <u>See</u> <u>United States v. Aguilar-Vera</u>, 698 F.3d 1196, 1201 (9th Cir. 2012) ("As we have said before, [u]ltimately, Rule 11 exists to ensure that guilty pleas are knowing and voluntary").  Here, there is no contention that the court departed from Rule 11 in any way or that Petitioner was in any coerced or threatened to enter into the Plea Agreement.  The court therefore concludes that Petitioner knowingly and voluntarily entered into the Plea Agreement.

The question of whether the language of the waiver encompasses the right Petitioner

seeks to vindicate in his motion is a considerably more difficult question.  At the outset, it is important to understand that Petitioner's current motion, as construed by the court in its December 23 Order, does not seek correction of an error that was present at the time of sentencing nor is petitioner able to maintain a claim that his attorney rendered ineffective assistance of counsel as Petitioner failed to state facts sufficient to establish that claim in the first instance.  Rather, the courts December 23 Order construed Petitioner's March 2 Motion as an effort to vindicate a right to reopen consideration of his sentence that arose anew upon the order of the Merced County Superior Court granting Petitioner's motions to expunge the convictions in the Los Banos and Merced Municipal Courts.

As previously noted by this court, general waivers of rights to appeal or to collaterally attack a sentence or conviction remain enforceable even where the specific violation that is being alleged or the right being asserted was not existent or foreseeable at the time of sentencing.  See United States v. Soto, 2009 WL 1862454 (E.D. Cal. 2009) at *6 (citing United States v. Cortez-Arias, 425 F.3d 547, 548 (9th Cir. 2005)); United States v. Martinez, 143 F.3d 1266, 1271 (9th Cir. 1998) (waiver of right to appeal extends to an appeal based on an incorrect application of the sentencing guidelines that occurs after the plea agreement is entered into).  To put the matter slightly differently, the jurisprudence of this circuit and federal courts generally appears to regard waivers of rights of appeal and/or of collateral attack as being waivers of the right to use the vehicles of appeal or collateral attack themselves, rather than waivers of the rights that the petitioning party seeks to vindicate through the use of those vehicles.

The few well established exceptions to the general rule of applicability of broad waivers of rights to appeal and collaterally attack appear to focus on the contractual nature of the plea agreement.  Thus, case authority recognizes the government's interest in the finality of judgments, United States v. Littlefield, 105 F.3d 527, 530 (9 Cir. 1997),     and recognizes only

those few exceptions that would tend to undermine contract between the defendant and the government.  Of the exceptions that are generally recognized, the only one that has apparent applicability to this case is the exception for instances where the sentence imposed is either unlawful or unconstitutional.  See United States v. Jeronimo, 398 F.3d 1149, 1153 n.2 (9th Cir. 2005), overruled on other grounds by United States v. Jucobo Castillo, 496 F.3d 497 (9th Cir. 2007) (enumerating exceptions to the general applicability of waivers of rights to appeal).

Generally, the exception of an unlawful sentence means a sentence imposed that is in excess of statutory maximum.  The precise question before the court in this case is whether a sentence becomes unlawful or unconstitutional where the sentence is calculated under the sentencing guidelines to include prior convictions that were themselves later determined to be unconstitutionally obtained.  This court comes down on the side of applicability of the waiver in this case, finding that the error that arises from the expungement of Petitioner's prior convictions on the ground of Gideon error is not constitutional or statutory in nature; rather is an error of application of the sentencing guidelines which is an error which, pursuant to Martinez, does not require the invalidation of the terms of the plea agreement.  The court's conclusion is not based on governing authority the court has been able to find so much as it is based on what seems to be the logical extension of the holding in Martinez.

The court freely admits to some doubt as to the legal validity of its determination and is of the opinion that reasonable minds could well differ with the court's conclusion.  Therefore, the court will grant a certificate of appealabilty on the issue of whether Petitioner is entitled to relief as to his request for recalculation of his sentence.

**IV.  Petitioner's November 19 Motion**

Petitioner's November 19 motion seeks recalculation or invalidation of the sentence imposed because of what Petitioner alleges is a change in the commentary of the sentencing

guidelines that provided that defendant charged with a conspiracy offense is entitled to a three-level decrease in offense level if the charged conspiracy was not completed as a result of the defendant's arrest. U.S.S.G . § 2X1.1(b). Petitioner's basic contention is that he was charged with conspiracy to distribute methamphetamine but the conspiracy was never completed because the person who received the methamphetamine from Petitioner at the time of the sale was a confidential informant who had no intention of distributing the methamphetamine. Petitioner's motion will be denied for two reasons. First, as discussed above, even if Petitioner's contention of law were correct, the error alleged would be an error in the application of the sentencing guidelines which is within the scope of the waiver set forth in Petitioner's plea agreement. Second, Petitioner misapprehends the idea the conspiracy charged. The charges in this case do not allege a conspiracy between Petitioner and the confidential informant to distribute methamphetamine; it charges a conspiracy between Petitioner and the several co-defendants in this case. The crime of conspiracy was complete as of the time the co-defendants and Petitioner decided to sell the methamphetamine they possessed to anyone. The fact that the person to whom they sold the methamphetamine had no intention to further distribute the methamphetamine is of no significance. The court finds that Petitioner has waived any right to collaterally challenge his sentence on the grounds raised in his November 19 Motion and that his November 19 Motion is meritless in any event.

THEREFORE, for the reasons set forth above, it is hereby ORDERED that Petitioner's March 2, Motion, Docket Number 214, is hereby DENIED. Certificate of Appealability as to the issue raise therein and discussed in the foregoing discussion is hereby GRANTED. Petitioner's November 19 Motion, Docket Number 228 is hereby DENIED as is the accompanying motion for appointment of counsel, Docket Number 229. Certificate of Appealability as to Petitioner's

1 | November 19 Motion is DENIED.

IT IS SO ORDERED.

Dated: January 23, 2014

_____
SENIOR DISTRICT JUDGE