IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MANUEL URIBE SOLIS,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondents. | 1:03-CV-5535  AWI<br>(00-CR-5441  AWI<br><br><br>ORDER ON PETITIONER'S MOTION<br>FOR APPOINTMENT OF COUNSEL<br><br>Doc. # 235 |

On January 24, 2014, the court issued a memorandum opinion and order denying the motion of petitioner Jose Uribe Solis ("Petitioner") for reconsideration and other related orders. The court granted a certificate of appealability as to the court's determination that Plaintiff's ability to challenge his sentence on the basis of new facts indicating that two of the prior convictions used to calculate Petitioner's sentence had vacated due to Gideon was barred by Petitioner's general waiver of rights as set forth in his plea agreement.  The court did so noting that the factual context of the case rendered the issue of the scope of Petitioner's waiver open to reasonable debate.  Currently before the court is a request by Petitioner for appointment of counsel.  The appointment is requested based on comments made by the court regarding the unusual factual context of the case and the admitted legal uncertainty on the part of the court as to the applicability of Petitioner's general waiver in the unusual factual context at bar.

While the facts pertinent to Petitioner's request to have his sentence recalculated are unusual and the legal issues surrounding the request for resentencing are somewhat complex, the issue before the appellate court is fairly straightforward.  This court has gone to some effort to flesh out the available facts relevant to the consideration of Petitioner's request for recalculation of his sentence and to frame the issue upon which the request for recalculation of the sentence was denied and the certificate of appealability was granted.  The appellate court in this instance will be asked to make a determination that is quite narrow; did this court err when it decided that Petitioner's general waiver of rights to appeal and collateral attack encompass his right to request to recalculation of his sentence in light of the factual context presented by this case?  In terms of what Petitioner needs to place before the appellate court, the factual context and legal questions have already been set forth in the court's opinion.  Petitioner has certainly shown he possesses the resources to make a simple and concise statement of the issue on appeal.  Little, if anything, is required in addition.  Because this court has done its best to set forth the factual context and its legal reasoning, little more is required from Petitioner.

The court finds that the appointment of counsel is unlikely to have any impact at all on the determination of the issue on appeal.  Petitioner's request for appointment of counsel is therefore DENIED.

IT IS SO ORDERED.

Dated:   February 21, 2014                    _____
                                                SENIOR DISTRICT JUDGE